## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GABRIELLE DEARDORFF, BRYAN : 
OTERI, CAROLINE & CO MEDIA LLC, : 
d/b/a SAVVY MAIN LINE, : 
MONICA D'ANTONIO, ELAINE : 
HANNOCK, KAREN HAYMAN, : 
ZAK HUTCHINSON, and ELIZABETH C. : 
BROOKS, :                    NO.
 : 
                    *Plaintiffs* : 
          v. : 
 : 
JOSEPH C. GALE, Individually and in : 
His Official Capacity as Commissioner of : 
Montgomery County, PA; and FRIENDS : 
OF JOE GALE, : 
                    *Defendants* : 

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## ORAL ARGUMENT REQUESTED

Plaintiffs, through undersigned Counsel and pursuant to Fed. R. Civ. P. 65(b), respectfully request this Court restore the *status quo* between the parties by entering a Temporary Restraining Order (TRO) and a Preliminary Injunction.

With the assistance of Defendant Friends of Joe Gale, Defendant Gale — an elected Commissioner for Montgomery County — utilizes the social media accounts identified in Plaintiffs' Complaint to communicate with constituents about government business, to publish his official comments, and to share media interviews of himself speaking in his official capacity. Defendants maintain and update these social media accounts synchronously, often during traditional weekday work hours. Through these social media accounts, Defendant Gale seeks to amplify his public profile using the imprimatur of his elected office.

When individual constituents have used the interactive spaces of Defendant Gale's social media pages to post comments disapproving of his political speech, Defendants silence these constituents permanently in each respective digital platform. Each time they 'block' a disapproving constituent permanently from accessing the social media posts, Defendants levy an immediate prior restraint on protected free speech within a public forum.

In applying the First Amendment to the interactive spaces of public officials' social media accounts, neighboring circuits have held that acts identical to Defendants' present censorship is unconstitutional viewpoint discrimination. This censorship over the modern-day public square is, in equal measure, self-selecting and self-serving. Approving voices remain to flourish in adulation. And just like the Star Chamber at Westminster Palace held dominion over public speech, Defendants can now unilaterally close the 'digital' square with a mere click.

If not restrained, Defendants will continue to offend our most cherished First Amendment rights, daily and with abandon. Plaintiffs now seek a TRO and Preliminary Injunction to restore their own First Amendment rights and to prevent a clearly evident threat of future harm to would-be plaintiffs. In support of the foregoing, Plaintiffs allege as follows:

1.     Plaintiffs have filed a Complaint, which is incorporated herein by reference.

2.     As alleged in the Complaint, no adequate remedy at law exists for Defendants' egregious, ongoing violations of Plaintiffs' constitutionally protected free speech rights.

3.     Neighboring circuits have ruled that the interactive spaces of public officials' social media platforms constitute public fora and that censorship of critical comments in those spaces constitutes viewpoint discrimination in violation of the First Amendment.

4.      The facts set forth in Plaintiffs' Complaint demonstrates the high probability that Plaintiffs will prevail on the merits of their claim.

5.      Plaintiffs' Complaint is timely filed, initiated following Defendants' censorship of Plaintiffs' response to Defendant Gale's official press release on June 1, 2020.

6.      This June 1 press release, issued on letterhead bearing the seal of Montgomery County, and under Defendant Gale's official title as Montgomery County Commissioner, was never released through official government channels. Rather, Defendant Gale released it *sua sponte* through the particular identified social media accounts which Plaintiffs now challenge.

7.      Defendant Gale published his June 1 press release over social media during the workday, at the four o'clock hour.

8.      On Tuesday, June 9, 2020 and again, today, Plaintiffs took care to warn Defendants that continued viewpoint discrimination would trigger this instant action.

9.      Plaintiffs have surpassed their burden to provide Defendant Gale with notice by:

a)      presenting Defendant Gale with a demand letter on June 9, 2020;

b)      providing Defendant Gale and counsel with both electronic and print copies of these instant filings.

10. In response to Plaintiffs' June 9 letter, Defendant Gale now claims that the identified social media accounts at issue are "private," but any steps that Defendants took to make those accounts appear private were after-the-fact actions taken in a deliberate attempt to avoid accountability for Defendants' censorship.

11. Without the issuance of a Court Order granting Plaintiffs' requested relief, Defendants' impermissible censorship will continue, resulting in further immediate and future irreparable harm to Plaintiffs and others.

12. For the reasons set forth in the accompanying Brief in support of this instant Motion for a Temporary Restraining Order and Preliminary Injunction, which is further incorporated herein by reference, an Order granting the relief requested is the only way to restore Plaintiffs' First Amendment rights.

15 . The Court Order should continue to remain in effect until the entry of a future Order granting Preliminary Injunctive relief.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to grant the Motion for Temporary Restraining Order and Preliminary Injunction and enter the proposed Order accompanying this motion.

Respectfully Submitted:

**WALSH PANCIO, LLC**                          **PHILIP PRESS LAW OFFICE**

BY: _____          BY: ___/s/ Philip Press_____

      Joseph P. Walsh, Esquire                    Philip Press, Esquire
      Michael J. Lyon, Esquire                    I.D. No. 306374
      I.D. No. 64352/306519                       30 West Airy Street
      2028 North Broad Street                     Norristown, PA 19401
      Lansdale, PA  19446-1004

**MUDRICK & ZUCKER, P.C.**


BY: _____

      Adam Zucker, Esquire
      Samantha Harris, Esquire
      I.D. No.
      325 Sentry Parkway
      Building 5 West, Suite 320
      Blue Bell, PA 19422