IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GABRIELLE DEARDORFF, BRYAN OTERI, CAROLINE & CO MEDIA LLC, d/b/a SAVVY MAIN LINE, MONICA D'ANTONIO, ELAINE HANNOCK, KAREN HAYMAN, ZAK HUTCHINSON, and ELIZABETH C. BROOKS, | : : : : : : : : | NO. |
| *Plaintiffs* | : : | |
| v. | : : | |
| JOSEPH C. GALE, Individually and in His Official Capacity as Commissioner of Montgomery County, PA; and FRIENDS OF JOE GALE, | : : : : | |
| *Defendants* | : | |

## ORDER

AND NOW, this _____ day of _____, 2020, upon consideration of Plaintiffs' Verified Complaint, Motion for Temporary Restraining Order and supporting documents, and for good cause shown, it is hereby **ORDERED** that said motion is **GRANTED**. Pursuant to Fed. R. Civ. P. 65(d)(1), this court sets forth: (A) the reasons for this Temporary Restraining Order, (B) its specific terms, and (C) the acts being restrained, as follows:

1. Defendant Joseph Gale is an elected Commissioner of Montgomery County, Commonwealth of Pennsylvania.

2. As established in the filed pleadings and supporting memoranda, Commissioner Gale, together with Defendant Friends of Joe Gale, maintain multiple, independent social media accounts, over several different social media platforms.

3. As established in the filed pleadings and supporting memoranda, Defendants use the social media accounts to communicate about official matters with Gale's constituents in the public. No private citizen could use the pages in the manner that Defendants do. The pages are used to convey messages directly related to Commissioner Gale's official functions, and are used to influence the behavior of others.

4. Defendants' banning of Plaintiffs and deletion of their comments from his social media pages, committed under color of state law, constitutes (a) impermissible viewpoint discrimination, and/or (b) a content-based restriction in a designated public forum, and is therefore presumed unconstitutional. Defendants have failed to overcome the presumed unconstitutionality of their actions because viewpoint discrimination violates the First Amendment to the United States Constitution and Article I, Section 7 of the Pennsylvania Constitution, and Defendants cannot show a compelling state interest in restricting Plaintiffs' protected speech nor that the restriction is narrowly drawn to meet that interest. Plaintiffs have thus demonstrated a likelihood of success on the merits of their claims.

5. Plaintiffs have also demonstrated that they will suffer irreparable harm in the absence of a preliminary injunction, as "[t]he loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373-74 (1976).

6. Finally, a preliminary injunction is in the public interest and that the balance of hardships tips decisively in favor of the Plaintiffs.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order is **GRANTED** pursuant to the following terms:

1. Defendants are hereby enjoined and restrained from blocking Plaintiffs' respective access to the particular individual social media accounts which remain under Defendant's control. Defendants are further enjoined and restrained from deleting or removing any comments or content posted by any member of the public to his social media accounts which remain under the control of Defendant Gale and/or Defendant Friends of Joe Gale.

2. On _____ ____, 2020, the Court shall hold a Preliminary Injunction Hearing, as required by Fed. R. Civ. P. 65(b)(3), in Courtroom ____ of the United States District Courthouse for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106.

3. With respect to the bond required by Fed. R. Civ. P. 65, Plaintiffs are required to post a bond in the amount of $100; and

4. This Temporary Restraining Order shall remain in effect until date, or until further order of this court, whichever occurs earlier.

_____

**United States District Judge**